USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/12/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ACE AMERICAN INSURANCE COMPANY,

                Plaintiff,

  -against-

ENDURANCE AMERICAN INSURANCE COMPANY and GREAT DIVIDE INSURANCE COMPANY,

                Defendants.

No. 22 CIV 203 (NSR)

**ORDER TO SHOW CAUSE**

---

NELSON S. ROMÁN, United States District Judge:

Plaintiff Ace American Insurance Company commenced this action against Defendants Endurance American Insurance Company and Great Divide Insurance Company (collectively, "Defendants") on January 10, 2022. (ECF No. 5.) Plaintiff has not filed Proof of Service upon Defendants. Moreover, to date, neither an answer has been filed by Defendants nor has Plaintiff sought a default judgment against Defendants.

Under Rule 41(b) of the Federal Rules of Civil Procedure, "a district judge may, *sua sponte*, and without notice to the parties, dismiss a complaint for want of prosecution." *Taub v. Hale*, 355 F.2d 201, 202 (2d Cir. 1966); *see West v. City of New York*, 130 F.R.D. 522, 524 (S.D.N.Y. 1990) ("[T]he Supreme Court has recognized the inherent power of a district judge to dismiss a case for the plaintiff's failure to prosecute."). "Dismissal for want of prosecution is a matter committed to the discretion of the trial judge." *Peart v. City of New York*, 992 F.2d 458, 461 (2d Cir. 1993) (internal quotation marks omitted). This discretion, however, "is conditioned by certain minimal requirements." *Id.* (internal quotation marks omitted). In particular, the Court should consider:

> (1) the duration of plaintiff's failures; (2) whether plaintiff had received notice that further delays would result in dismissal; (3) whether defendant is likely to be

1

prejudiced by further delay; (4) whether the district judge has carefully balanced the need to alleviate court calendar congestion and a party's right to due process; and (5) whether the court has assessed the efficacy of lesser sanctions.

*Id.* (internal quotation marks omitted).

Here, it has been nearly nine months since Plaintiff has communicated with the Court or otherwise prosecuted this case. Plaintiff's failure to prosecute this action has impeded the Court's efforts to "avoid calendar congestion and ensure an orderly and expeditious disposition of cases." *Cortez v. Suffolk Cty. Corr. Facility*, No. 15-CV-1957 (JFB) (AKT), 2016 WL 6302088, at *2 (E.D.N.Y. Oct. 25, 2016).

Accordingly, it is hereby ORDERED that Plaintiff show cause in writing on or before December 27, 2022 why this action should not be dismissed without prejudice for want of persecution pursuant to Fed. R. Civ. P. 41(b). Failure to comply with this Court's present order will result in dismissal of this case for want of prosecution.

Dated:   December 12, 2022                           SO ORDERED:
          White Plains, New York

                                                              _____
                                                                   NELSON S. ROMÁN
                                                                   United States District Judge